**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARLANA PHILLIPS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-2121** |
| **ST. JAMES PARISH HOSPITAL** | **SECTION "B" (4)** |

## ORDER AND REASONS

Before the Court are St. James Parish Hospital's ("SJPH") Motion to Dismiss (Rec. Doc. 7), plaintiff Marlana Phillips' Opposition (Rec. Doc. 10), and SJPH's (Rec. Doc. 11). For the following reasons,

**IT IS ORDERED** that SJPH's Motion to Dismiss (Rec. Doc. 7) **BE GRANTED** and Phillips' claims thereby **DISMISSED**. However, the factual circumstances giving rise to the dismissed claims may continue to be relevant evidence for any remaining claims.

**IT IS FURTHER ORDERED** that Phillips' request to file an amended complaint be **DENIED** with respect to timeliness and exhaustion but **GRANTED** with respect to any remaining issue;

**IT IS FURTHER ORDERED** that the Joint Motion to Postpone (Rec. Doc. 24) be **DENIED WITHOUT PREJUDICE** and reurged in light of the Court's Order and Reasons no later than **August 7, 2026**. The parties are to inform the Court whether any claims remain after the Court's resolution of SJPH's Motion to Dismiss (Rec. Doc. 7) and, if so, which specific pretrial and trial deadlines the parties believe should be continued and/or postponed given the Court's Order and Reasons.

### I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Phillips, an African American woman, is a former registered nurse for SJPH. Rec. Doc. 1 at 2. Phillips was hired on November 8, 2021, and, during her employment with SJPH, was one of

1

two Black full-time nurses employed at SJPH. *Id*. at 3. Phillips alleges that while employed by SJPH, she "was subjected to a pattern of discriminatory and retaliatory behavior exhibited by [SJPH] and its employees and representatives." *Id*. This discriminatory and retaliatory behavior consisted of, for example, being ostracized and told to "watch her back" in January 2023 after she was targeted for filing a complaint. *Id*. She also alleges that she met with her supervisor, Kelly Randazzo, and requested a shift change because of ongoing conflicts she was having with others on her then-current shift. The request was denied. *Id*.

Coworkers also contributed to the alleged hostile environment. Rec. Doc. 1 at 3. Phillips claims that "during this time," she overheard several white coworkers call her a racial slur. *Id*. She continues that "during the ongoing targeted treatment," she reported to the ER Nurse Manager that white coworkers had been bulling her. *Id*. at 4. Phillips states that she was written up for reporting the behavior. *Id*.  Phillips also alleges that coworkers filed false reports against her. Specifically, Phillips states that SJPH received complaints that Phillips had spoken unprofessionally to patients, including by making vulgar and sexual comments, and had spoken negatively about other coworkers. *Id*. at 4. SJPH terminated Phillips on January 22, 2024. *Id*. at 5. Phillips alleges that she was terminated in retaliation for reporting racially discriminatory and harassing treatment to her supervisor and that, as such, her termination was not based on a legitimate non-discriminatory or non-retaliatory reason. *Id*.

On May 16, 2024, Phillips filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Rec. Doc. 7-2. In her Charge, she claimed that she was "reported for bulling coworkers," that she was reported for being "inappropriate with a patient, and that [she] used racial slurs with coworkers and patients," and that her request for a shift change

2

was denied. *Id*. Phillips also claimed that no proof had been provided that she engaged in any of the activities, and that no reason had been provided for the actions taken against her. *Id*.

On October 10, 2025, Phillips sued SJPH in this Court, asserting claims for (i) race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq ("Title VII"), and "Louisiana state law"; (ii) retaliation under Title VII and Louisiana statutes including the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 23:332; and (iii) hostile and abusive working environment in alleged violation of "Title VII, Rehab Act, and the ADEA." Rec. Doc. 1. SJPH has moved to dismiss most claims against it, stating that "(i) failure to state a claim under the Rehabilitation Act; (ii) Louisiana state law claims are time-barred; (iii) alternatively, failure to state a LEDL retaliation claim; (iv) failure to exhaust administrative remedies under the ADEA; (v) liquidated damages claim are unavailable; (vi) punitive damages are unavailable; (vii) failure to exhaust administrative remedies under Title VII for hostile and abusive working environment claim; and (viii) Title VII claims are time-barred, part." Rec. Doc. 7-1 at 1. While Phillips opposes the motion, she concedes that certain claims must be dismissed, including that her reference to 5 U.S.C. § 7703(b)(2) must be struck, that her Rehabilitation Act and ADEA claims must be dismissed, that prescribed claims under Louisiana law must be dismissed, and that her claims seeking liquidated and punitive damages must be dismissed. Rec. Doc. 10 at 1–3.

## II.    LAW AND ANALYSIS

### A.  Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8's pleading standard demands more than "labels and conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A defendant may file a Rule 12(b)(6) motion to dismiss if they contend that a plaintiff's complaint does not satisfy

3

Rule 8's pleading standard. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is plausible when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. When the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the plaintiff is not entitled to relief. *Id*. at 679. A court must accept the complaint's factual allegations as true and draw "all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

In considering a 12(b)(6) motion, a court generally is limited to the face of the pleadings. *Xavier v. Belfor USA Grp., Inc.*, No. CIV.A. 06-491, 2007 WL 4224320, at *1 (E.D. La. Nov. 26, 2007). However, a court is permitted to rely on documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lane Star Fund v (U.S.), L.P v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). A court may also consider matters of public record and those of which a Court may take judicial notice. *Xavier*, 2007 WL 4224320, at *1.

### B. Analysis

At the outset, it should be noted that SJPH does not seek dismissal of all of Phillips' claims; specifically, SJPH's motion does not appear to concern any of Phillips' Title VII claims that have been timely filed. *See* Rec. Doc. 7-1. The parties also agree that dismissal of several of Phillips' claims is proper, including dismissal of: (1) an immaterial reference to 5 U.S.C. § 7703(b)(2); (2) claims under the Rehabilitation Act and the ADEA; (3) claims for liquidated and punitive damages; (4) untimely LEDL claims. As such, SJPH's motion to dismiss those claims which Phillips has voluntarily agreed to dismiss is **GRANTED**, and those claims are **DISMISSED**

4

**WITH PREJUDICE**. The Court now proceeds to discuss Phillips' remaining state law claims as well as remaining Title VII hostile claims.

    *1. State Law Claims*

Phillips asserts that SJPH engaged in unlawful employment practices in violation of "Louisiana Revised Statutes." Rec. Doc. 1 at 6. The Complaint does not make clear which state statutes Phillips relies on, though she appears to clarify in her Opposition that she is asserting claims under the Louisiana Whistleblower Statute (La. R.S. 23:967) and the Louisiana Commission on Human Rights Act (LHRA) (La. R.S. 51:2256). Rec. Doc. 10 at 5. The parties dispute whether these state law claims have prescribed.

The Louisiana Whistleblower Statute, La. R.S. 23:697, *et seq*., "does not specifically set out a prescriptive period so the general one-year prescriptive period for delictual actions applies." *Fleury v. Sodexo, Inc*., No. CV 21-2373, 2022 WL 17532295, at *8 (E.D. La. Dec. 8, 2022). The prescriptive period for delictual actions "begins to run from the day the injury or damage is alleged to have been sustained." *Campbell v. Verma Sys., Inc*., No. CV 21-00272, 2022 WL 256298, at *3 (M.D. La. Jan. 26, 2022) (citing LA. CODE CIV. P. art. 3492). Moreover, Louisiana law does not provide an extension of time. *Clark v. Auger Services, Inc*., 443 F. Supp. 3d 685, 712 (M.D. La. 2020) ("Prescription for retaliation claims under La. R.S. 23:967 is not suspended during administrative review or investigation."). The latest action that Phillips complains of is her January 22, 2024 termination. Rec. Doc. 1 at 5. As such, the prescriptive period was from January 22, 2024, to January 22, 2025. Phillips did not file suit until October 2025. Her whistleblower claims are therefore untimely.

Claims under the LHRA are also subject to a one-year prescriptive period. *Cook v. Par. of Jefferson*, 621 F. Supp. 3d 666, 675 (E.D. La. 2022). This Court has held that the one-year

prescriptive period for claims under the LHRA, La. R.S. 51:2256, is not suspended during the pendency of EEOC proceedings. *Goings v. Lopinto*, No. CV 22-2549, 2023 WL 2709826, at *12 (E.D. La. Mar. 30, 2023). As such, the prescriptive period ran from January 22, 2024, to January 22, 2025. Because Phillips did not sue SJPH until October 2025, her LHRA claims are untimely. Further, any remaining state law claims are also time-barred because, in Louisiana, delictual actions are subject to a liberative prescriptive period of one year. La. Civ. Code art. 3492. Because Phillips did not sue until October 2025, any remaining unspecified state law claims are untimely.

Phillips' contrary argument that "whether and when prescription applies presents a fact-intensive question that requires further development" ignores that a Rule 12(b)(6) motion "is a proper vehicle to raise an argument that an action is barred based on the applicable statute of limitations." *Toliver v. Navy Fed. Credit Union*, 2025 WL 3014257, at *1 (E.D. La. Oct. 28, 2025). As such, given the foregoing analysis, SJPH's motion to dismiss Phillips' state law claims is **GRANTED**, and the claims are hereby **DISMISSED WITH PREJUDICE**.

### 2. Title VII Hostile Work Environment Claim

Phillips also asserts a "hostile and abusive working environment" claim against SJPH. Rec. Doc. 1 at 7. At issue here is whether this claim has been properly exhausted. Title VII requires employees to exhaust their administrative remedies before seeking judicial relief. *McClain v. Lufkin Indus., Inc*., 519 F.3d 264, 273 (5th Cir. 2008). To properly exhaust, a plaintiff must file a charge with the EEOC before bringing their claim to federal court. *Grice v. FMC Techs. Inc*., 216 F.App'x 401, 405 (5th Cir. 2007). The scope of a complaint must be "limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Thomas v. Tex. Dep't of Criminal Justice*, 220 F.3d 389, 395 (5th Cir. 2000). Allegations in a complaint "may encompass any kind of discrimination like or related to

6

allegations contained in the charge and growing out of such allegation during the pendency of the case before the [EEOC]." *Sanchez v. Standard Brands, Inc*., 431 F.2d 455, 466 (5th Cir. 1970).

Because "the provisions of Title VII were not designed for the sophisticated, and because most complaints are initiated *pro se*, the scope of an EEOC complaint should be construed liberally." *Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006). However, a plaintiff's "ability to expand the scope of the EEOC charges in a complaint" is not unlimited. *Ghahramani v. BASF Corp*., 755 F. Supp. 708, 711 (M.D. La. 1991) (citing *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990)). Notably, "discrimination and harassment are 'distinct' claims." *Payne v. Hammond City*, No. CV 24-1857, 2025 WL 549360, at * 10 (E.D. La. Feb. 19, 2025). For a hostile work environment claim to reasonably be expected to grow out of an employee's charge of discrimination, "the employee must allege more than just discrete actions of discrimination." *Id*.

Phillips filed her EEOC charge on May 16, 2024. Rec. Doc. 7-2. Her charge lists the following alleged unlawful actions: (1) that Phillips was reported for bullying coworkers despite absence of proof; (2) that another coworker reported that she was inappropriate with a patient and used racial slurs with coworkers and patients; and (3) that a supervisor denied her shift change request; and (4) that she was discharged. Rec. Doc. 7-2 at 1. Even broadly construing Phillips' charge, the Court finds that Phillips has done no more than allege discrete actions of discrimination, which is insufficient to rise to the level of asserting an allegation of a hostile work environment. *See Payne*, 2025 WL 549360, at *10 (holding that plaintiff failed to exhaust their hostile work environment claim after finding that plaintiff only asserted in their charge several discrete actions of discriminatory and retaliatory actions). Phillips' charge does not provide any indication that she was complaining about a "protracted history" of harassment or discrimination. *Id*. Given the foregoing analysis, the Court holds that SJPH's motion to dismiss Phillips' Title VII

hostile work environment claim is **GRANTED**, and Phillips' claim is therefore **DISMISSED WITHOUT PREJUDICE**.

   3.  *Remaining Title VII Claims*

SJPH also seeks to dismiss Phillips Title VII claims based on discrete employment acts that occurred before July 21, 2023, because they are time-barred. Rec. Doc. 7-1 at 20. Phillips claims that these claims are not time-barred because she has alleged a continuing violation which allows courts to consider unlawful actions outside of an applicable limitations period as part of the same course of unlawful conduct. Rec. Doc. 10 at 8. Upon review of the record and the law, the Court finds that SJPH has the stronger argument.

Before suing under Title VII, aggrieved employees must first file a charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(e)(1). In states, such as Louisiana, a plaintiff alleging discrimination claims must file a charge of discrimination filed with a state or local agency within 300 days of the alleged unlawful employment practice. *Jackson v. Chalmette Refining, LLC*, No. CV 23-858 DIV (2), 2023 WL 4409166, at *4 (E.D. La. July 7, 2023). Here, Phillips filed her EEOC charge on May 16, 2024. Rec. Doc. 7-2. Under the 300-day period, July 21, 2023, is the last date on which a discrete employment action could support a Title VII claim. As such, any Title VII claim based on employment actions that occurred before July 21, 2023, are time-barred.

Phillips resists this conclusion by asserting that she has alleged "continuing discrimination and retaliation." Rec. Doc. 10 at 8. The continuing violation doctrine "relieves a plaintiff of establishing that all the complained-of conduct occurred within the actionable period if the plaintiff can show a series of related acts, one or more of which falls within the limitations period." *Jackson v. DeJoy*, No. CV 19-12403, 2021 WL 5367268, at *7 (E.D. La. Nov. 17, 2021). A plaintiff must show that the actions in and out of the limitations period are "sufficiently related." *Waltman v.*

*International Paper Co.*, 875 F.2d 468, 474 (5th Cir. 1989). To determine whether actions are sufficiently related, courts consider whether the actions involved the same type of harassment from the same offender. *Noack v. YMCA of Greater Hous. Area*, 418 F. App'x 347, 351 (5th Cir. 2021). Importantly, "[c]laims alleging discrete acts are not subject to the continuing violation doctrine; hostile workplace claims are." *Heath v. Bd. of Sup'rs for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731, 737 (5th Cir. 2017). As such, a Title VII plaintiff "may not salvage a time-barred claim based on a discrete act such as termination, failure to promote, denial of transfer, or refusal to hire, under the continuing violations doctrine." *Edwards v. Ochsner Clinic Found.*, 2025 WL 2294947, at *4 (E.D. La. Aug. 8, 2025).

Given the above authorities, Phillips' reliance on the continuing violation doctrine fails. The Court first notes that no hostile work environment claims are before the Court because Phillips did not exhaust such claims before the EEOC. As courts have noted, hostile work claims, rather than discrete acts, are subject to the continuing violation doctrine. *Heath*, 850 F.3d at 737. As for the claims that are properly before this Court, Phillips' Complaint and EEOC charge largely mirror each other; specifically, her Complaint documents that she was denied a shift change request, written up in retaliation for reporting mistreatment, reported by different coworkers for unproven claims of unprofessionalism, and terminated. Rec. Doc. 1 at 3–4. As the Court concluded in its discussion concerning Phillips' hostile work environment claim, these are discrete actions which are not subject to the continuing violation doctrine. *Heath*, 850 F.3d at 737.

Phillips also alleges that in January 2023, she was ostracized and told to watch her back, and that "during this time" several white coworkers called her a racial slur. Rec. Doc. 1 at 2–4. These specific allegations were not included in Phillips' EEOC charge, and it is not clear that an investigation into whether Phillips was subjected to racial bullying would derive from the EEOC

9

charge allegations concerning denial of a shift change request and false reports for inappropriate behavior and bullying. These allegations are therefore unexhausted. Rec. Doc. 7-2. Moreover, the January 2023 incident is before the limitations period of July 2023 to May 2024 and therefore cannot be considered part of a continuing violation unless it is sufficiently related to an incident in the limitations period. The only incident within the limitations period that Phillips points to is her January 2024 termination; however, a Title VII plaintiff "may not salvage a time-barred claim based on a discrete act such as termination[.]" *Edwards*, 2025 WL 2294947, at *4. It is also not clear that any of these incidents are sufficiently related, *i.e.*, are the same kinds of harassment perpetrated by the same offenders. *Noack*, 418 F. App'x at 351. Phillips' Complaint therefore does not provide any basis for applying the continuing violation doctrine. As such, SJPH's motion to dismiss Title VII claims based on incidents that occurred before July 21, 2023, is **GRANTED**, and those claims are hereby **DISMISSED**. However, factual circumstances giving rise to time-barred claims may continue to be relevant evidence for timely claims in the above-captioned matter.

### 4. *Alternative Request to Amend Complaint*

Phillips requests that if there are any pleading deficiencies in her Complaint, that the Court grant her leave to amend pursuant to Federal Rule of Civil Procedure 15. A court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(2). While "leave to amend is not automatic," a court generally must possess a 'substantial reason' to deny a request." *Ramsey v. Indep. Specialty Ins. Co.*, No. CV 23-632, 2025 WL 2928976, at *1 (E.D. La. Oct. 15, 2025). Courts consider several factors when deciding whether leave to amend is proper or whether there is a substantial reason to deny the request, including futility of the amendment. *Id*. Here, the pleading deficiencies concerning timeliness and exhaustion cannot be cured by amendment. As

such, an amendment to cure those issues would be futile. The dates relevant for deciding the timeliness of Phillips' claims under Louisiana law and Title VII based on actions that occurred before July 21, 2023, will not be changed by an amendment. The allegations in Phillips' EEOC charge, and therefore relevant for deciding whether exhaustion has occurred, will not be changed by an amendment. As such, the request to amend complaint is **DENIED** to the extent that Phillips hopes to cure deficiencies concerning timeliness and exhaustion. However, if Phillips believes that amendment can cure any other deficiency noted herein, Phillips' request for leave to amend is **GRANTED**, and such amendment must be filed no later than **August 7, 2026**.

New Orleans, LA this 24th day of July 2026

_____
Senior United States District Judge

11